**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

MEDILIA LOUIS-JEUNE, on behalf of
WILLIAM CHARLES,

        Petitioner,

v.

        Case No. 3:26-cv-354-WWB-SJH

WARDEN, BAKER COUNTY
CORRECTIONAL INSTITUTION,
et al.,

        Respondents.

_____

## ORDER

THIS CAUSE comes before the Court on a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 filed by Medilia Louis-Jeune, on behalf of her husband, William Charles, who is being detained by Immigration and Customs Enforcement ("**ICE**") at the Baker County Correctional Institution. (Doc. 1). According to Louis-Jeune, ICE has detained Charles for ten months with no reasonably foreseeable removal, in violation of his rights under the Due Process Clause. (*Id.* at 6–7). As relief, Louis-Jeune requests that the Court order Charles's immediate release, or order ICE to conduct a bond hearing. (*Id.* at 7).

An "[a]pplication for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf." 28 U.S.C. § 2242. The latter part of this statutory provision codifies the common-law tradition of permitting a "next friend" to litigate on behalf of a person who, because of incompetence, is unable to initiate a habeas action himself. *See Whitmore v. Arkansas*, 495 U.S. 149,

162 (1990).  But "'[n]ext friend' standing is by no means granted automatically . . . ."  *Id.* at 163.  The would-be next friend must provide an adequate explanation for the necessity of the designation, such as the real party's mental incompetence or lack of access to the courts.  *Id.*

Louise-Jeune does not demonstrate that "next friend" status is appropriate.  There is no indication Charles is mentally incompetent or has been denied access to the courts.  Because Louise-Jeune does not demonstrate the propriety of "next friend" status, she lacks standing to initiate this action on Charles's behalf.  *See Francis v. Warden, FCC Coleman-USP*, 246 F. App'x 621, 622 (11th Cir. 2007) ("Absent 'next friend' status, an individual lacks Article III standing to file a petition on another's behalf, thus stripping the district court of jurisdiction to consider the petition.")[1]; *Weber v. Garza*, 570 F.2d 511, 514 (5th Cir. 1978) ("[W]hen the application for habeas corpus filed by a would be 'next friend' does not set forth an adequate reason or explanation of the necessity for resort to the 'next friend' device, the court is without jurisdiction to consider the petition.").

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. This case is **DISMISSED without prejudice**.

2. The Clerk shall enter judgment dismissing this case without prejudice, terminate any pending motions as moot, and close the file.

3. If Louis-Jeune appeals this Order, the Court denies a certificate of appealability.[2]  Because the Court has determined that a certificate of

---

[1] Any unpublished opinions are cited as persuasive authority.  *See McNamara v. GEICO*, 30 F.4th 1055, 1060–61 (11th Cir. 2022).

[2] The court should issue a certificate of appealability only if a petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make this substantial showing, a petitioner "must demonstrate that reasonable jurists

appealability is not warranted, the Clerk shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** in Jacksonville, Florida, on February 20, 2026.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Jax-7
c:
Madilia Louis-Jeune
William Charles, A007816612

---

would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" *Miller–El v. Cockrell*, 537 U.S. 322, 335–36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Upon consideration of the record as a whole, this Court denies a certificate of appealability.